## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
## BALTIMORE DIVISION

| | |
|---|---|
| **MOHAMMAD MAKHMALBAF** | * |
| **and** | * |
| **HAMID KHARAGHANI** | * |
| | * |
| *Plaintiffs,* | * |
| **v.** | |
| | * **Civil Action No.: 12-cv-2580** |
| **AUS, INC.** | * |
| *trading as* | |
| **FAT DADDY'S 82ND STREET** | * |
| **and** | * |
| **JOHN DOE 1 thru 10,** | * |
| *Defendants.* | * |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

### COMPLAINT AND DEMAND FOR JURY TRIAL

Mohammad Makhmalbaf and Hamid Kharaghani, ("Plaintiffs") allege as follows:

### INTRODUCTION

1.    In 2003, Congress passed and the President signed, the Fair and Accurate Credit Transactions Act ("FACTA") to assist in the prevention

of identity theft and credit and debit card fraud.  In the statement provided by the President during the signing of the bill, the President declared that:

> This bill also confronts the problem of identity theft.  A growing number of Americans are victimized by criminals who assume their identities and cause havoc in their financial affairs.  With this legislation, the Federal Government is protecting our citizens by taking the offensive against identity theft.

2.    A main provision of FACTA (codified as 15 U.S.C. §1681c(g) of the Fair Credit Reporting Act) provides that:

> No person that accepts credit cards or debit cards for the transaction of business shall print more than the last five digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of sale or transaction.

3.    The law gave merchants who accept credit cards and debit cards up to three years to comply with its requirements, requiring compliance with its provisions no later than December 4, 2006.

4.    On June 3, 2008, the Credit and Debit Card Receipt Clarification Act of 2007, 15 U.S.C. 1681n(d), became effective. The Clarification Act shielded from a finding of willful noncompliance with FACTA any business that printed an expiration date on a cardholder receipt between December 4, 2004, and the enactment of the Clarification Act, June 3, 2008.

5.    The Clarification Act did not eliminate the statutory

requirement that card expiration dates not be printed on the cardholder receipts, but instead created a retroactive safe harbor based upon the belief that the original act was confusing as to whether card expiration dates were also required to be redacted. By maintaining the requirement to not print expiration dates, however, the Clarification Act made clear that liability under FACTA can exist when, as in this case, a merchant continued to print expiration dates on cardholder receipts after June 3, 2008.

6.     Although Defendants (defined below) had until June 3, 2008, to comply, Defendants have willfully violated this law and failed to protect Plaintiffs against identity theft and credit card and debit card fraud by continuing to print the credit card expiration on receipts provided to debit card and credit card cardholders transacting business with Defendants.

7.     Plaintiffs bring this action against Defendants based on Defendants' violation of 15 U.S.C. §§1681c(g).

8.     Plaintiffs seek statutory damages, costs and attorneys fees, all of which are expressly made available by 15 U.S.C. §§1681n.

## JURISDICTION AND VENUE

9.     This Court has federal question jurisdiction pursuant to 28 U.S.C. §1331 and 15 U.S.C. §1681p.

10.     Plaintiffs' claims asserted herein arose in this judicial district

and Defendants do business in this judicial district.

11.     Venue in this judicial district is proper under 28 U.S.C. §1391(b) and (c) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## **PARTIES**

12.     Plaintiffs, Mohammad Makhmalbaf and Hamid Kharaghani, are and at all times relevant hereto were residents of the State of Maryland, Montgomery County.

13.     Defendant AUS, Inc. is a Maryland domestic corporation with its principal place of business in Ocean City, Maryland. Based upon information and belief, AUS, Inc. owns and operates the restaurant known as Fat Daddy's 82nd Street, located in Ocean City, Maryland.

14.     Plaintiffs are unaware of the true names of defendants Does 1 through 10. Said defendants are sued by said fictitious names, and the pleadings will be amended as necessary to obtain relief against defendants Does 1 through 10 when the true names are ascertained, or as permitted by law or by the Court.

15.     Plaintiffs are informed and believe and thereon allege that at all relevant times each defendant was the franchisor, franchisee, principal, agent, partner, joint venturer, officer, director, controlling shareholder,

subsidiary, affiliate, parent corporation, successor in interest and/or predecessor in interest of some or all of the other defendants, and was engaged with some or all of the other defendants in a joint enterprise for profit, and bore such other relationships to some or all of the other defendants so as to be liable for their conduct with respect to the matters alleged below. Plaintiffs are informed and believe and thereon allege that each defendant acted pursuant to and within the scope of the relationships alleged above, that each defendant knew or should have known about, and authorized, ratified, adopted, approved, controlled, aided and abetted the conduct of all other Defendants.

## INDUSTRY KNOWLEDGE REGARDING THE TRUNCATION OF CREDIT CARD INFORMATION

16.    In early 2003, the payment card industry and Congress announced that they were working together to combat identity theft. A critical part of this joint effort was the truncation of personal data from credit and debit card receipts presented to consumers at the point of sale.

17.    On March 6, 2003, Visa CEO Carl Pascarella held a joint press conference with Senators Judd Gregg, Jon Corzine, Patrick Leahy and Dianne Feinstein to announce Visa USA's new account truncation program to protect consumers from identity theft.   At the press conference, Mr. Pascarella stated:

> Today, I am proud to announce an additional measure to combat identity theft and protect consumers.  Our new receipt truncation policy will soon limit cardholder information on receipts to the last four digits of their accounts. . . . .

> The first phase of this new policy goes into effect July 1, 2003 for all new terminals.  I would like to add, however, that even before this policy goes into effect, many merchants have already voluntarily begun truncating receipts, thanks to the groundwork that we began together several years ago.

> *    *    *    *

> Visa USA is pleased to be working with Senator Feinstein, and the other senators here today in the fight to protect consumers from identity theft. After all, we share the same goals.

18.    On July 9, 2003, L. Richard Fischer, presented a written statement to the United States House of Representatives Committee on Financial Services on behalf of Visa USA, Inc., supporting the truncation requirements of what ultimately became FACTA.   Therein, Mr. Fischer stated:

> Although Visa generally believes that the details of preventing identity theft should be left to financial institutions that are best suited to address ever evolving fraud techniques, Title II could provide important benefits to consumers and financial institutions alike by establishing workable identity theft provisions and ensuring that these provisions benefit from national uniformity.  For example, Section 203 of Title II would prohibit any merchant or other entity that accepts credit and debit cards from printing more than the last four

digits of the card account number . . . .upon receipts provided to cardholders at the point of sale . . . .

19.    Visa USA's agreements with the American merchants which accept Visa brand credit or debit cards are defined in part in a manual entitled Rules for Visa Merchants, Card Acceptance and Chargeback Management Guidelines ("Visa Merchant Rules"). The Visa Merchant Rules Manual includes a description of Visa's truncation requirements.    For example, the 2006 edition of the Manual states:

> Visa requires that all new electronic POS terminals provide account number truncation on transaction receipts.  This means that only the last four digits of an account number should be printed on the customer's copy of the receipt.

> After July 1, 2006, the expiration date should not appear at all.   Existing POS terminals must comply with these requirements by July 1, 2006 . . . .

20.    The truncation standards set forth in the Visa Merchant Rules, which are part of the contract between Visa and the merchants which accept its debit and/or credit cards, served as the basis for what ultimately became the truncation requirements of FACTA.

21.    The Office of Thrift Supervision, United States Department of Treasury ("OTS"), is responsible for monitoring financial institution compliance with FACTA. Toward this end, the OTS publishes an Examination Handbook ("Handbook") which assists OTS field personnel

when they perform an examination, or compliance audit, of a given financial institution.  The February 2006 Edition of the Handbook states, in relevant part:

### Truncation of Credit and Debit Card Account Numbers

Ensure that electronically generated receipts from ATM and POS terminals or other machines do not contain more than the last five digits of the card number and do not contain the expiration dates.

22.    FACTA's requirements that merchants truncate all but the last five digits of the card account number and expiration date was phased in over a three year period. During the three year phase-in period, there was extensive publicity regarding the law's requirements.

23.    Many restaurant and retail trade associations apprised their merchant members that FACTA requires truncation of the entire expiration date and all but the last five digits of the cardholder account number.

24.    In May, 2007 the Federal Trade Commission issued a business alert entitled "Slip Showing?   Federal Law Requires All Businesses to Truncate Credit Card Information on Receipts." That alert stated in relevant part:

According to the federal Fair and Accurate Credit Transaction Act (FACTA), the electronically printed credit and debit card receipts you give your customers must shorten – or truncate – the account information.  You

may include no more than the last five digits of the card number, and you must delete the card's expiration date.

## DEFENDANTS' KNOWLEDGE OF FACTA'S TRUNCATION REQUIREMENTS

25. Defendants had actual knowledge of FACTA's truncation requirements, specifically including FACTA's requirements concerning the truncation of credit and debit card numbers and prohibition on printing of expiration dates, and was provided with notice of these obligations by trade associations, by merchant services providers, software manufacturers, VISA, MasterCard, American Express and others.

## FIRST CAUSE OF ACTION For Violation of 15 U.S.C. §§1681c(g)

26. Plaintiffs hereby incorporate by reference the allegations contained in the above paragraphs of this Complaint as if fully set forth herein.

27. Title 15 U.S.C. §1681c(g)(1) provides that:

> ...no person that accepts credit cards or debit cards for the transaction of business shall print more than the last five digits of the card number <u>or</u> the expiration date upon any receipt provided to the cardholder at the point of sale of transaction.

28. With respect to machines that were first put into use after January 1, 2005, 15 U.S.C. §1681c(g)(3)(B) required immediate compliance with the provisions of 15 U.S.C. §1681c(g)(1).

29.    With respect to machines that were in use before January 1, 2005, 15 U.S.C. §1681c(g)(3)(B) required compliance with the provisions of 15 U.S.C. §1681c(g)(1) on or after December 4, 2006.

30.    On June 3, 2008, the Credit and Debit Card Receipt Clarification Act of 2007, 15 U.S.C. 1681n(d), became effective. The Clarification Act shielded from a finding of willful noncompliance with FACTA any business that printed an expiration date on a cardholder receipt between December 4, 2004, and June 3, 2008.

31.    Defendants transact business in the United States and accepts credit cards and debit cards in the course of transacting business with persons such as Plaintiffs. In transacting such business, Defendants use cash registers and other machines or devices that electronically print receipts for credit card and debit card transactions.

32.    On June 30, 2012, Defendants provided Plaintiff Mohammad Makhmalbaf with an electronically printed receipt on which Defendants printed the expiration date of the Plaintiff's credit card. On July 1, 2012, Defendants provided Plaintiff Hamid Kharaghani with an electronically printed receipt on which Defendants printed the expiration date of the Plaintiff's credit card.

33.    Defendants knew of, or should have known of, and were

informed about the law, including specifically FACTA's requirements concerning the truncation of credit and debit card numbers and prohibition on printing of expiration dates.

34.   Despite knowing and being repeatedly informed about FACTA and the importance of not printing expiration dates on receipts, and despite having had until June 3, 2008, to comply with FACTA's requirements, Defendants willfully violated and continue to violate FACTA's requirements by printing the expiration date of the credit card and debit card upon the receipts provided to it customers.

35.   Most of Defendants' business peers and competitors readily brought their credit card and debit card receipt printing process into compliance with FACTA by, for example, programming their card machines and devices to prevent them from printing the card expiration date upon the receipts provided to the cardholders. Defendants could have readily done the same.

36.   In contrast, Defendants willfully disregarded FACTA's requirements and continues to use cash registers or other machines or devices that print receipts in violation of FACTA.

37.   Defendants willfully violated FACTA in conscious disregard of the rights of Plaintiffs thereby exposing Plaintiffs to an increased risk of

identity theft and credit and/or debit card fraud.

38.    As a result of Defendants' willful violations of FACTA, Defendant is liable to Plaintiffs in the statutory damage amount of "not less than $100 and not more than $1000" for each violation pursuant to 15 U.S.C. §1681n(a)(1)(A).

39.    As a result of Defendants' willful violations of FACTA, Plaintiffs are entitled to recover costs of suit and reasonable attorneys' fees pursuant to 15 U.S.C. §1681n(a)(3).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, pray for:

A.    An award of statutory damages of 1,000.00 for each Plaintiff pursuant to 15 U.S.C. §1681n(a)(1)(A);

B.    Payment of costs of suit herein incurred pursuant to 15 U.S.C. §1681n(a)(3);

C.    Payment of reasonable attorneys' fees pursuant to 15 U.S.C. §1681n(a)(3);

D.    For other and further relief as the Court may deem proper.

Dated:  August 28, 2012                    Respectfully Submitted,


                                           _____/s/ E. David Hoskins_____
                                           E. David Hoskins, Bar No. 06705
                                           LAW OFFICES OF E. DAVID HOSKINS, LLC
                                           Quadrangle Building at Cross Keys
                                           2 Hamill Road, Ste. 362
                                           Baltimore, Maryland  21210
                                           (410) 662-6500 (Tel.)
                                           (410) 662-7800 (Fax)
                                           dhoskins@hoskinslaw.com